## Henry Randall *versus* A. D. Weld, Jr., *et al.*

1. The affidavit of defence law is not a violation of the constitution.
2. Where the payees of drafts have paid them out of funds of the drawer in their hands, they hold them substantially as vouchers for money paid, and cannot treat them as bills of exchange so as to prevent an inquiry into the equities of the parties thereto.

February 27th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term 1876, No. 282.

Assumpsit by A. D. Weld, Jr., and others, against Henry Randall, upon two bills of exchange, drawn by Robert E. Randall, and accepted by the defendant.

The plaintiffs filed copies of the bills, and defendant filed an affidavit of defence, which is sufficiently set forth, together with the other material facts, in the opinion of this court.

*E. S. Lawrance*, for plaintiff in error.

*Wm. H. Lex* and *George W. Thorn*, for defendants in error.

Mr. Justice MERCUR delivered the opinion of the court, March 11th 1878.

This suit was brought against the acceptor of two bills of exchange. They were drawn by Robert E. Randall, while in London, on the defendant in Philadelphia, payable to the order of Robinson Fleming & Co., and accepted by the defendant. Judgment was entered for want of a sufficient affidavit of defence. To this judgment two grounds of error are assigned.

1. That all laws and rules of court, permitting judgment to be taken for want of an affidavit of defence, are in conflict with the constitutional right of a trial by jury, and therefore invalid.

2. That the affidavit filed does aver a good and sufficient defence.

Having so recently, in the carefully considered case of Lawrence *v.* Borm, *ante* 225, held that it was no violation of the constitution to require a defendant to set forth under oath, facts sufficient to show he has a defence, it is unnecessary to repeat the reasons there given, or to add to their number. The first ground is not sustained.

The main facts in the affidavit, on which the other assignments rest, are substantially these : That the drawer is his brother, who has been accustomed to visit Europe for several years, and while there drew on the affiant on moneys in the hands of the latter, belonging to the drawer ; that on one occasion he drew through Robinson Fleming & Co.; that affiant accepted the same, and that the funds necessary to

[Randall *v.* Weld.]

meet the draft were furnished by the drawer ; assuming that the drawer would in like manner place funds in his hands to protect these drafts, he accepted them for the honor of his brother ; that the latter not only failed to furnish the money, but advised him that he had a legal defence to the payment of the drafts, and that affiant had no money in his hands belonging to the drawer when the drafts became respectively due.

Affiant further averred that he was informed, believed, and expected to be able to prove, that the drafts are not the property of the defendants in error ; but that they are the property of Robininson Fleming & Co.; that this suit is without their authority, and that the money they advanced on the drafts was not their money, but was the money of said drawer in their hands, and that these drafts were given as memoranda for advances thus made.

If these facts be true, as we must now assume them to be, the defendants in error have no property in the drafts and no right to bring suit. They stood on no higher ground than the payees. If the payees paid the drafts out of the funds of the drawer in their hands, and now own them, as averred, then they hold them substantially as vouchers for so much money paid, and cannot treat them as bills of exchange so far as to prevent an inquiry into the equities between the parties thereto : Moeck *v.* Littell, 1 Norris 354. The learned judge, therefore, erred in entering judgment for want of a sufficient affidavit of defence.

Judgment reversed, and a <em>procedendo</em> awarded.